RECEIVED
IN MONROE, LA
APR 17 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 07-1097 |
| VERSUS | JUDGE ROBERT G. JAMES |
| $93,029.50 IN CURRENCY | MAG. JUDGE KAREN L. HAYES |

RULING

Before the Court is the United States of America's ("United States") unopposed Motion for Summary Judgment, alleging that $93,029.50 ("Defendant Property") should be forfeited under 21 U.S.C. § 881(a)(6).[1] For the following reasons, the United States' Motion for Summary Judgment [Doc. No. 5] is GRANTED.

I. FACTS

In December 2005, law enforcement agents learned that a person known on the internet as A.P. was using the internet chat board www.steroidsuperboard.com and the email address anapharms@cyber-rights.net to illegally sell anabolic steroids and other prescription drugs. A.P., using the name Lynn Ward, had received drugs and cash payments for drugs at post office mailbox #316, located at 1868 Forsythe Avenue, Monroe, Louisiana 71201. After further

---

[1] The Court will only evaluate the Motion for Summary Judgment under Section 881(a)(6). Although the Motion for Summary Judgment mentions both 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A), only Section 881(a)(6) is in the Argument section. See [Doc. No. 5 at 5] ("Therefore, pursuant to Title 21, United States Code, Section 881(a)(6), the Defendant Property is subject to forfeiture."); see also [Doc. No. 5 at 9] ("Accordingly, that property is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6)"). Similarly, both Sections 881 and 981 are mentioned in the United State's Complaint, but only Section 881 was mentioned in the paragraph entitled "Basis for Forfeiture." See Complaint [Doc. No. 1 at ¶ 6]. It appears that the United States is only arguing that Section 881(a)(6) provides a basis for forfeiture in this case.

investigation, agents determined that A.P. was an identity created by Gary Lynn Ward ("Ward") and David Ray Dean ("Dean") to facilitate the sale of anabolic steroids and other illegal drugs over the Internet.

From May 15, 2007, to January 29, 2007, on six different occasions, law enforcement agents purchased anabolic steroids and other prescription drugs from Ward and Dean by sending email orders to anapharms@cyber-rights.net.

From April 4, 2007, to May 19, 2007, while answering emails sent to Ward and Dean's email accounts, anapharms@hush.ai and anapharms@cyber-rights.net, law enforcement agents accepted email orders and cash payments for the purchase of illegal anabolic steroids or prescription drugs from individuals located throughout the United States. The payments totaled approximately $93,029.50 in United States currency. The cash was received in the Monroe, Louisiana, area.

On June 21, 2007, Ward and Dean pled guilty to conspiracy to possess with intent to distribute anabolic steroids in this Court. See United States of America v. Gary Lynn Ward and David Ray Dean, Crim. A. No. 3:07-30013-01-02.

A Copy of the Verified Complaint for Forfeiture *In Rem*, a copy of the Warrant for Arrest *In Rem*, and Notice of Complaint for Forfeiture Against Real Property was sent to the over one hundred fifty addresses where the purchased steroids or other drugs were to be delivered. Similarly, Notice of the Verified Complaint for Forfeiture *In Rem* was given by the United States by publication in the Monroe News Star, a Monroe newspaper of general circulation, on December 17, December 24, and December 31, 2007.

No claims have been filed.

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be entered "if appropriate." Fed. R. Civ. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id. Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995).

However, a claimant's failure to file an opposition and statement of contested material facts requires the Court to deem the United States' statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

### B. Forfeiture

The United States claims that the Defendant Property is subject to forfeiture under 21

3

U.S.C. § 881(a)(6). Under Section 881, "[a]ll moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance" "shall be subject to forfeiture to the United States and no property right shall exist in them."

The procedures for forfeiture under Section 881 are governed by the Civil Asset Forfeiture Reform Act of 2000, Title 18 U.S.C. § 983 ("CAFRA"). See United States v. East Subdivision, 357 F.3d 493, 502 (5th Cir. 2004); United States v. One Nissan Maxima VIN 1N4BA41E44C889659, No. 06-00475, 2007 WL 2558495, at * 3 (S.D. Miss. Aug. 31, 2007). Since CAFRA's enactment in 2000, the United States must establish by a preponderance of the evidence that a substantial connection exists between the property to be forfeited and the criminal activity defined by federal statute. 18 U.S.C. § 983(c)(1); see also Nissan, 2007 WL 2558495, at * 3. Circumstantial evidence and hearsay evidence can be used by the United States to establish its burden of proof. United States v. $242,484.00, 389, F.3d 1149 (11th Cir. 2004); Dodge Caravan, 387 F.3d at 761.

In this case, the United States has established, by a preponderance of the evidence, that a substantial nexus exists between the Defendant Property and the illegal sale of anabolic steroids and other drugs. The Defendant Property was obtained during a sting operation where the United States, by answering emails sent to Ward and Dean, processed orders and cash payments for illegal steroids and drugs. Ward and Dean have pled guilty in the criminal matter, and no claims have been filed to dispute the instant forfeiture proceeding. The evidence established that Defendant Property was intended to be used for illegal activity and is, therefore, subject to forfeiture.

4

## III. CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [Doc. No. 5] is GRANTED, and the United States is now entitled to possession of the Defendant Property. The Defendant Property is condemned, forfeited, and vested in the United States and shall be disposed of according to law.

MONROE, LOUISIANA, this ⎯17⎯ day of ⎯April⎯, 2008.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE